**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION**

**KENNETH EDWARD BARBOUR**

    Plaintiff,

v.                                      Case No. 3:10cv550/MCR/MD

**ACTING U.S. TREASURE, et al.**

    Defendants.

_____/

**O R D E R**

Plaintiff is a Virginia state prisoner currently confined at Red Onion State Prison in Pound, Virginia. He commenced this civil rights action on December 20, 2010, by filing a complaint (doc. 1) and a motion to proceed *in forma pauperis* (doc. 2). Pending before the court are the motion to proceed *in forma pauperis* (doc. 2), plaintiff's amended complaint (doc. 5), and a second motion to proceed *in forma pauperis* (doc. 6). Upon review of plaintiff's submissions, the court concludes that this case is subject to summary dismissal under 28 U.S.C. § 1915(g).

Title 28 U.S.C. § 1915(g) prohibits a prisoner from proceeding *in forma pauperis* in civil actions under certain circumstances. It provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). Thus, if a prisoner has had three or more cases or appeals dismissed for one of the recited reasons, he cannot proceed *in forma pauperis*. A prisoner who is no longer entitled to proceed *in forma pauperis* must pay the filing fee at the time he initiates his lawsuit, and his failure to do so warrants dismissal of his case without prejudice. *Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002) (holding that "the proper procedure is for the district court to dismiss the complaint without prejudice when it denies the prisoner leave to proceed *in forma pauperis* pursuant to the provisions of § 1915(g)" because the prisoner "must pay the filing fee at the time he *initiates* the suit."); *Vanderberg v. Donaldson,* 259 F.3d 1321, 1324 (11th Cir. 2001). The only exception is if the prisoner alleges he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g); *Brown v. Johnson*, 387 F.3d 1344 (11th Cir. 2004).

Several federal courts have recognized Mr. Barbour as a "three-striker" under § 1915(g). *See In re Barbour*, 371 Fed. Appx. 396 (4th Cir. 2010); *Barbour v. Fed. Prisons*, No. 2:10cv978, 2011 WL 587146 (S.D. Ohio Feb. 9. 2011); *Barbour v. U.S. President*, No. 4:11cv4005, 2011 WL 304240 (D. S.D. Jan. 28, 2011); *Barbour v. Religion*, No. 2:10cv420 (E.D. Va. Oct. 12, 2010) (describing plaintiff as a "contumacious litigator, with a long history of abusing the United States District Court for the Eastern District of Virginia] as well as the United States District Court for the Western District of Virginia); *Barbour v. U.S.Code 2403(A)*, No. 4:10cv77, 2010 WL 1726888 (S.D. Ga. Apr. 28, 2010); *Barbour v. Rose*, No. 7:10cv41, 2010 WL 364337 (W.D. Va. Feb. 1, 2010). Plaintiff has brought *at least* three civil actions in the federal courts that were dismissed as frivolous, malicious, or for failing to state a claim upon which relief may be granted. *See Barbour v. W. Reg'l Dir. VDOC*, No. 7:08cv598, 2008 WL 5062126 (W.D. Va. Nov. 26, 2008) (consolidating eight 42 U.S.C. § 1983 cases and dismissing them pursuant to 28 U.S.C. § 1915A(b)(1)), *aff'd*, 324 Fed. Appx. 282 (4th Cir. 2009); *Barbour v. Legislation Upon Va. Dep't of Corr.*, No. 7:09cv324, 2009 WL 2382564 (W.D. Va. July 31, 2009) (dismissing plaintiff's civil

rights complaint as frivolous); *Barbour v. VDOC at Wallens Ridge State Prison*, No. 7:09cv132, 2009 WL 1162881 (W.D. Va. Apr. 27, 2009) (dismissing plaintiff's civil rights complaint for failing to state a claim upon which relief may be granted). Plaintiff was incarcerated at the time of filing each of the foregoing actions. Each of the listed cases may be positively identified as having been filed by plaintiff, because the underlying pleadings bear his Virginia Department of Corrections' inmate number, #1050593. Each action was dismissed prior to plaintiff filing the original complaint in this case.[1] Thus, plaintiff may not litigate *in forma pauperis* unless he demonstrates he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g), *Brown, supra.*

Plaintiff's amended complaint names one defendant: the first president of the United States, George Washington. The style of the complaint is best described as "a stream-of-consciousness." Plaintiff cites to numerous articles and sections of the United States Constitution but fails to link these citations to any particular cause of action, grievance, or comprehensible complaint. Recitation of all of plaintiff's amended complaint is not necessary, but the following passage is representative of the entire complaint:

> ART VI-1 irrigating United States President George Washington via September 17, 1787 Constitutionality of engagements entered to ART 11-1-6 Constitutionality guaranteed to this Plaintiff dimension to Presidental compensation has be establish to ongoing serious Physical ART 1-10-1 Constitutionality injury upon this Plaintiff's ongoing imminent threat to be maintained as to provided with a state of protection irrigated to the Republican formed Government at the Seventeenth Day of September in the year of the United States Constitutionality LORD Seventeen, Hundred and Eighty Seven to each

---

[1] It appears these cases are just the tip of the iceberg, as another federal court recently noted that plaintiff has filed at least 67 cases in the Western District of Virginia that have been dismissed under § 1915(g). *See Barbour v. Fed. Prison*, No. 2:10cv978, 2011 WL 94618 at *1 (S.D. Ohio Jan. 10, 2011), *adopted*, 2011 WL 587146 (S.D. Ohio Feb. 9. 2011). That court further observed that "[i]t would appear that plaintiff filed his complaint in this court – which, incidentally, is nearly incomprehensible and which does not name any suable entity – in an effort to get around the fact that if he filed in his home district, his case would surely be dismissed." *Id*.

>State of United States money not to set forth any ongoing Letters of Marque which, this Plaintiff alleges U.S. money is a Confederation as to a alliance rensonable probability of gold and silver reprisal coin by the tender honored to a religious test . . .

(Doc. 5, p. 5) (verbatim). As relief, plaintiff requests his own "immediate" release from prison, the release of "all . . . immune person;" 48 million dollars, "50,000 cash within one (1) hour from release;" and that "United States of America monies to be operated to Federal Constitution standereds." (*Id*., p. 7).

Although plaintiff uses the phrase "serious physical injury" or some variation of it throughout his original and amended complaints, he has not alleged any actual danger to his person. Plaintiff does not provide any details of the threat he is facing, but rather inserts "serious physical injury" into his allegations that his constitutional rights are being violated. Mere use of the phrase "serious physical injury" is insufficient to satisfy the requirements of § 1915(g). *Medberry v. Butler*, 185 F.3d 1189, 1193 (11th Cir. 1999) (holding that prisoner did not satisfy the requirements of § 1915(g), where "nothing [in the complaint] may properly be construed as constituting an allegation that he was in imminent danger of serious physical injury at the time he filed his Complaint or that he was in jeopardy of any ongoing danger'); *see also Martin v. Shelton*, 319 F.3d 1048, 1050 (8th Cir. 2003) (holding that general allegations that are not grounded in specific facts which indicate that serious physical injury is imminent are not sufficient to invoke the exception to § 1915(g)); *Lewis v. Sullivan*, 279 F.3d 526, 531 (7th Cir. 2002) (holding that "imminent danger" exception to § 1915(g)'s "three strikes" rule is construed narrowly and available only "for genuine emergencies," where "time is pressing" and "a threat . . . is real and proximate"); *White v. State of Colorado*, 157 F.3d 1226, 1231 (10th Cir. 1998) (holding that vague allegations of harm and unspecific references to injury are insufficient).

Because plaintiff did not pay the filing fee at the time he submitted this civil rights action, and because it plainly appears that plaintiff is not entitled to proceed *in forma pauperis*, this case must be dismissed under § 1915(g). Leave should not

be provided so that he can pay the fee; rather, dismissal is required.  *Dupree v. Palmer, supra*.

Accordingly, it is ORDERED:

1.  Plaintiff's motions for leave to proceed *in forma pauperis* (docs. 2, 6) are DENIED.

2.  This case is DISMISSED WITHOUT PREJUDICE pursuant to 28 U.S.C. § 1915(g).  Plaintiff may re-file his complaint if it is accompanied by the full $350.00 filing fee.

3.  The clerk is directed to close the file.

DONE AND ORDERED this 24th day of February, 2011.

*s/ M. Casey Rodgers*
**M. CASEY RODGERS**
**UNITED STATES DISTRICT JUDGE**