IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

**KENNETH EDWARD BARBOUR**
   **Plaintiff,**

v.           Case No. 3:10cv550/MCR/MD

**ACTING U.S. TREASURE, et al.**
   **Defendants.**
           /

**O R D E R**

   This cause is before the court upon plaintiff filing a pleading entitled "Amended NOA Complaint" (doc. 15), which purports to be a second amended complaint. Plaintiff also filed a motion to proceed *in forma pauperis*. (Doc. 16).

   Plaintiff, a prisoner proceeding *pro se*, commenced this action by filing a civil rights complaint on December 20, 2010. (Doc. 1). He filed an amended complaint on February 22, 2011. (Doc. 5). On February 24, 2011, the court dismissed this action under 28 U.S.C. § 1915(g). (Doc. 7) Judgment was entered February 25, 2011. (Doc. 8). Plaintiff filed a notice of appeal on March 20, 2011. (Doc. 10).

   Plaintiff's proposed second amended complaint shall not take effect and will not be considered. Plaintiff failed to obtain this court's permission before filing his proposed second amended complaint, *see* Fed. R. Civ. P. 15(a); N.D. Fla. Loc. R. 15.1. Indeed, a motion for leave to amend would be inappropriate at this juncture, because this court's February 24, 2011 order dismissed this action and ordered the case closed. Judgment has been entered. Subsequent amendment of the complaint is not possible.[1] *Czeremcha v. Int'l Ass'n of Machinists & Aerospace Workers, AFL–CIO*, 724 F.2d 1552, 1554, 1556 n. 6 (11th Cir. 1984) (explaining that a motion for

---

[1]Although the order of dismissal indicated plaintiff could re-file his complaint if it was accompanied by the full $350.00 filing fee, (doc. 7) that did not authorize the filing of an amended complaint in this case. Even if it could be so construed, plaintiff's amended complaint was not accompanied by the full filing fee.

leave to amend is inappropriate where "the court has clearly indicated either that no amendment is possible or that dismissal of the complaint also constitutes dismissal of the action."); *see, e.g., Montford v. Moreno*, No. 04-12919, 2005 WL 1369563 (11th Cir. 2005) (affirming district court's denial of motion to amend as moot, where plaintiff filed motion to amend second amended complaint after the court entered an order both dismissing the amended complaint and ordering the case closed).

Plaintiff's motion for leave to proceed *in forma pauperis* (doc. 16) will be denied. To the extent plaintiff seeks leave to so proceed in this case, his request is moot. To the extent plaintiff seeks leave to proceed *in forma pauperis* on appeal, pursuant to 28 U.S.C. § 1915 and Fed. R. App. P. 24(a), this court hereby certifies that plaintiff's appeal is NOT taken in good faith and plaintiff is NOT entitled to proceed on appeal *in forma pauperis*. The reasons for this court's decision are outlined in the order dated February 24, 2011. (Doc. 7).

Accordingly, it is ORDERED:

1. The clerk shall change the docket to reflect that plaintiff's "Amended NOA Complaint" (doc. 15) is a "Proposed Second Amended Complaint."

2. Plaintiff's Proposed Second Amended Complaint (doc. 15) shall NOT TAKE EFFECT AND WILL NOT BE CONSIDERED.

3. Plaintiff's motion for leave to proceed *in forma pauperis* (doc. 16) is DENIED AS MOOT to the extent plaintiff seeks leave to proceed *in forma pauperis* in this case. To the extent plaintiff seeks leave to proceed *in forma pauperis* on appeal, the motion is DENIED. Plaintiff is directed to pay the full appellate filing fee of $455.00 within thirty (30) days from the date of this order.

DONE AND ORDERED this 2nd day of May, 2011.

*s/ M. Casey Rodgers*
**M. CASEY RODGERS**
**UNITED STATES DISTRICT JUDGE**

*Case No: 3:10cv550/MCR/MD*